**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **MARK GEORGE** | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:12-cv-711 |
| | ) |
| **PETERBILT OF INDIANA, INC.** | ) |
|    d/b/a JX PETERBILT | ) |
|    f/k/a UTILITY PETERBILT | ) |
| | ) |
|    Defendant. | ) |
| | ) |

**COMPLAINT FOR DAMAGES – WITH JURY DEMAND**

Plaintiff Mark George, by counsel, for his Complaint against Defendant Peterbilt of Indiana, Inc., doing business as JX Peterbilt and formerly known as Utility Peterbilt, states as follows:

**JURISDICTION AND VENUE**

1. This suit is brought under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et. seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12113, as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325, § 2(b)(1). This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), 29 U.S.C. § 2617(a)(2), and 42 U.S.C. §12117(a).

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Mark George ("George") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Marion County, Indiana.

4. Defendant Peterbilt of Indiana, doing business as JX Peterbilt and formerly known as Utility Peterbilt, ("Peterbilt") is a for-profit corporation, which conducts business within the territorial jurisdiction of this Court from its facilities located at 4255 South Harding Street, Indianapolis, Indiana, 46217.

## FACTS

5. George has over twelve years of service at Peterbilt.

6. For the last several years of his employment at Peterbilt, George worked as a Counter Parts Salesperson at Peterbilt's facility located at 4255 South Harding Street in Indianapolis, Indiana.

7. As a Counter Parts Salesperson, George was responsible for answering the phones, selling parts (including brakes, doors, sheet metal, lights, interior component, and other parts used to repair semi-trucks), stocking the front shelves, and creating quotes for trailer and truck repairs.

8. Prior to 2005, because of a back disability, George's treating physician gave him a weight restriction limiting his lifting to loads of twenty (20) pounds or less.

9. George was able to perform all of the essential functions of his job with this weight restriction.

10. George met or exceeded Peterbilt's expectations throughout his employment at Peterbilt.

11. On or about March 24, 2010, George fell off of a ladder at work and sustained serious injuries.

12. George informed Peterbilt of the accident and was out on worker's compensation leave while he recovered from the serious injuries that he sustained.

13. Although George suffered a serious medical condition, he was never informed of his rights under the Family Medical Leave Act (FMLA).

14. While George was out on workers compensation leave, Peterbilt created a thirty (30) pound weight lifting requirement for his position.

15. On or about May 27, 2010, George received a letter from Peterbilt stating that Peterbilt had to fill George's position in his absence and that George could reapply for a position within the Parts Department if one was available.

16. On or about June 2, 2010, George was released to return to work.

17. Nevertheless, when George attempted to return to work, he was informed that there were no positions available.

18. Shortly thereafter, George learned that Peterbilt hired several new employees for positions for which he was qualified.

## ADMINISTRATIVE PROCEDURES

19. On March 3, 2011, George filed a timely charge of disability discrimination against Peterbilt with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2011-01488. A true and accurate copy of the charge is attached hereto as Exhibit 1.

20. The EEOC had jurisdiction over that charge for more than 180 days, and on May 3, 2012, it issued George a Notice of Right to Sue which was received on May 4, 2012. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit 2.

21. George has ninety (90) days from the receipt of the Notice of Right to Sue, up to and including, August 2, 2012, to file his Complaint, which time has not passed.

## COUNT I – FMLA VIOLATION

22. All preceding paragraphs are incorporated herein by reference.

23. On March 24, 2010, George was an "eligible employee" of Peterbilt within the meaning of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611(2).

24. Peterbilt employs more than fifty (50) employees and is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

25. In March 2010, George suffered a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

26. Nevertheless, Peterbilt did not provide the proper notice under the FMLA that George's time out of work would be designated as FMLA leave.

27. George was fit to return to work within the twelve-week FMLA period, yet Peterbilt refused to reinstate George.

28. Peterbilt has willfully and intentionally interfered with George's reinstatement rights under the FMLA by failing to restore him to his position or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

## COUNT II - DISABILITY DISCRIMINATION

29. All preceding paragraphs are incorporated herein by reference.

30. George is a qualified individual with a disability under the ADA as amended by the ADAAA.

31. George has a record of disability and was regarded as having a disability by Peterbilt within the meaning of the ADA as amended by the ADAAA.

32. During the course of his employment at Peterbilt, George was an "employee" of Peterbilt within the meaning of the ADA, 42 U.S.C. § 12111(4), as amended by the ADAAA.

33. Peterbilt employs more than fifteen (15) employees and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as amended by the ADAAA.

34. Peterbilt engaged in unlawful discrimination in violation of the ADA, as amended by the ADAAA, when it refused to provide George with a reasonable accommodation.

35. Peterbilt further engaged in unlawful discrimination in violation of the ADA, as amended by the ADAAA, when it terminated George because of his disability, record of disability, and perceived disability.

36. Peterbilt engaged in discriminatory treatment of George on the basis of disability and acted with malice or reckless disregard of George's rights as an disabled employee in violation of the ADA, as amended by the ADAAA.

**WHEREFORE**, Plaintiff Mark George prays for the judgment of this Court against Defendant Peterbilt of Indiana, Inc., doing business as JX Peterbilt and formerly known as Utility Peterbilt as follows:

A. An award of backpay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Defendant's violation of the FMLA and its disability discrimination and eventual termination from employment with the Defendant.

B. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violation of the FMLA was willful.

C. An order directing the Defendant to reinstate the Plaintiff.

D. In the event the Court determines that it would be inappropriate to direct the employment of the Plaintiff as an employee of the Defendant, an award of damages to compensate the Plaintiff for the losses that he reasonably will sustain as the result of being denied continued employment with the Defendant.

E. An award of compensatory damages in an amount to be determined by a jury to make Plaintiff whole for the mental anguish, emotional distress, exacerbation of his condition, and other non-pecuniary damages that Plaintiff has suffered because of Defendant's unlawful conduct.

F. An award of punitive damages in an amount to be determined by a jury to punish Defendant for its unlawful conduct which was malicious or undertaken with reckless indifference to Plaintiff's rights and to deter others from similar conduction.

G. An award of attorneys fees and costs.

H. Such other relief as may be just and proper.

        Respectfully submitted,

        **MACEY SWANSON AND ALLMAN**

        ___s/ Quincy E. Sauer_____
        Quincy E. Sauer, Atty No. 27320-49
        Attorney for Plaintiff Mark George

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: qsauer@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**


____s/ Quincy E. Sauer_____
Quincy E. Sauer, Atty No. 27320-49
Attorney for Plaintiff Mark George

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: qsauer@maceylaw.com