UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK GEORGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:12-cv-00711-SEB-MJD |
| | ) |
| UTILITY TRAILERS OF INDIANAPOLIS, | ) |
| INC. d/b/a Utility Peterbilt, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO STRIKE**

This matter comes before the Court on Defendant's Motion to Strike Plaintiff's Final Witness List. [Dkt. 68.] For the following reasons, the Court **DENIES** Defendant's motion.

## I. Background

Mark George ("Plaintiff") filed suit against Utility Trailer of Indianapolis ("Defendant"), alleging violations of the Family Medical Leave Act and Americans with Disabilities Act. [Dkt. 1 at 1.] On October 3, 2013, the Court approved a Case Management Plan ("CMP") that required final witness lists to include "counsel's certification that the witness has been interviewed and/or deposed." [Dkt. 37 at 2.] On July 2, 2014, Plaintiff filed a final witness list identifying nine individuals without this certification. [Dkt. 67.] Defendant moved for an order striking the list, or, in the alternative, an order requiring Plaintiff to supplement his witness list. [Dkt. 68 at 1-2.]

## II. Discussion

Defendant first contends that Plaintiff's witness list is deficient because it does not identify for any of Plaintiff's nine witnesses "whether each had been interviewed or deposed, despite the clear requirement" in the Court's order. [Dkt. 68 at 2.] Plaintiff responds that all nine witnesses were disclosed during discovery and that all but two have been deposed or

1

interviewed. [Dkt. 70 at 5.] In reply, Defendant argues that Plaintiff's "belated" statement that most witnesses have been interviewed does not satisfy the requirement that counsel certify whether the witnesses have been interviewed in the lists themselves. [Dkt. 71 at 1-2.] Defendant also contends Plaintiff has not provided contact information for one witness—Debbie Brennan—and asks the Court to order Plaintiff to supplement his disclosures with current contact information for all trial witnesses. [Dkt. 71 at 5-6.]

Defendant cites no case law or rule of procedure in its motion or brief. The Court presumes that Defendant moves pursuant to Rule 37, which states that if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party to be sanctioned generally has the burden of showing the error was justified or harmless, but this determination "is entrusted to the broad discretion of the district court." *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996). The Seventh Circuit further instructs district courts to consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

This dispute does not require exhaustive analysis: Defendant never explained in its motion or brief how Plaintiff's failure to certify whether the witnesses had been interviewed would prejudice Defendant. [*See* Dkt. 68; Dkt. 71.] Of the nine witnesses on Plaintiff's final list, seven were included in the Plaintiff's preliminary witness list [Dkt. 41], discovery responses [*see* Dkt. 70 at Exhibit A], or both. Plaintiff already acknowledged that neither of the remaining two

witnesses have been interviewed, and both of these witnesses were Defendant's own employees. [Dkt. 70 at 4-5]. The Court therefore sees no prejudice or surprise resulting from Plaintiff's failure to certify whether the listed witnesses had been interviewed or deposed, and any error on Plaintiff's part is harmless. While the Court expects the parties to comply with the CMP, Plaintiff's minor deviation does not—pursuant to *David*—justify striking Plaintiff's witness list. Defendant's request that the Court strike the list is therefore **DENIED**.

Defendant's second contention, that Plaintiff has not supplied current contact information for certain trial witnesses, [Dkt. 71 at 2, 6], was not raised until Defendant's reply. Accordingly, that issue is waived for not having been raised in Defendant's opening brief, *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009), and Defendant's motion in that regard is also **DENIED**.

However, a party "must provide to the other parties . . . the name and, if not previously provided, the address and telephone number of each witness." Fed. R. Civ. P. 26(a)(3). Because this issue was not timely raised, the Court does not know Plaintiff's response. Nevertheless, because Defendant is entitled to any contact information regarding Plaintiff's witnesses that Plaintiff may have, both parties are directed to provide any contact information either may have regarding any witnesses listed on either party's final witness list within seven (7) days of the date of this order.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's Motion to Strike Plaintiff's Final Witness List. [Dkt. 68.] The parties are ordered to disclose to each other the current contact information in their possession for any witnesses listed on either party's final witness list within seven (7) days of the date of this order.

Date: 09/22/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

3

All ECF-registered counsel of record via email